# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

PAUL WAYNE KRAUSS,                              )
                                                )
      Plaintiff,                            )
                                                )
    vs.                                       )      Case No. 1:20-CV-164-JAR
                                                )
MISSISSIPPI COUNTY, et al.,                     )
                                                )
      Defendants.                           )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Paul Wayne Krauss (registration no. 47242-044), an inmate at Yazoo City Low Federal Correctional Institution, for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $77.23. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his inmate account statement. (ECF No. 4).  A review of plaintiff's account indicates an average monthly deposit of $220.05 and an average monthly balance of $386.13.  Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $77.23, which is 20 percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Mississippi County, Missouri; Mississippi County Sheriff's Department; Jay Holcomb, and S. Rob Barker. Plaintiff alleges he was subject to an illegal search and seizure because the probable cause affidavit did not provide any "kind of physical evidence such as photos, videos, or any purcha[s]es of any firearms, firearm parts or ammunition." ECF No. 1-1 at 1. Plaintiff also takes issue with the probable cause affidavit because it listed the wrong county information and contained statements from two individuals who he alleges had a motive to provide self-serving information against him. As a result, plaintiff avers that the probable cause affidavit "should be considered fruit from the poisonous tree making all evidence found after the affidavit tainted and void." *Id.* at 2.

Attached to the Complaint is the probable cause affidavit, which was written by defendant Holcomb, Sergeant with the Missouri State Highway Patrol ("MSHP"), and the MSHP Crime Scene/Search Warrant Inventory sheet signed by Holcomb. ECF No. 1-1 at 3-4.

Plaintiff seeks $1,000,000 in monetary damages for "being incarcerated for 15 years" due to an "illegal search and seizure."

## Discussion

Having carefully reviewed the complaint, the Court concludes that all claims against the defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Defendant Mississippi County Sheriff's Department

Plaintiff's claim against the Mississippi County Sheriff's Department is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County*, 299 F.Supp. 2d 967, 968-69 (E.D.Mo. 2004) (same); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992) (local jails are not "persons" under § 1983). As such, the complaint is legally frivolous as to defendant Mississippi County Sheriff's Department, and plaintiff's claim against it will be dismissed.

### B. Defendant Mississippi County, Missouri

In *Monell v. Department of Social Services*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. 436 U.S. 658, 690-91 (1978). Such liability may attach if the constitutional

4

violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff presents no facts to support the proposition that Mississippi County has an unconstitutional policy or custom that caused plaintiff's constitutional rights to be violated, or engaged in a deliberately indifferent failure to train or supervise. Plaintiff has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or

6

decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by Mississippi County employees, much less that such misconduct was tacitly authorized by officials of Mississippi County. *See Johnson*, 725 F.3d at 828.

Thus, plaintiff has failed to state a municipal liability claim against Mississippi County, and his claim against it will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Defendants Jay Holcomb and S. Rob Barker

As to Jay Holcomb and S. Rob Barker, plaintiff did not specify whether he is suing them in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Jay Holcomb is an employee of the MSHP and is, thus, employed by the State of Missouri. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* "The MSHP is an agency of the State of Missouri" and "§ 1983 claims for money damages against the MSHP are barred by the Eleventh Amendment." *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *4 (E.D. Mo. Feb. 27, 2015). As such, the complaint is

7

legally frivolous as to defendant Jay Holcomb in his official capacity, and plaintiff's claim against him will be dismissed.

As to S. Rob Barker, other than listing him in the caption of the complaint, plaintiff does not provide any additional information about this defendant. A review of the Court's own records reflects that plaintiff previously brought an action against defendant Barker. In *Krauss v. Jay Holcomb, et al.*, No. 1:17-CV-218-DDN (December 12, 2017), plaintiff alleged that defendant Barker violated his due process rights for improperly signing a search warrant. The Court held:

> [P]laintiff's complaint is legally frivolous as to Judge S. Rob Barker because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11–12. Plaintiff has failed to allege any action by the Judge Barker in signing the search warrant was nonjudicial in nature or taken without jurisdiction. Plaintiff has failed to state a claim upon which relief can be granted against the defendant judge.

*Krauss*, No. 1:17-CV-218 DDN, 2018 WL 2371750, at *3 (E.D. Mo. May 24, 2018).

To the extent plaintiff intends to bring the same claim in this action against defendant Barker in his official capacity, plaintiff's complaint is legally frivolous as addressed in *Krauss*. Moreover, merely listing a defendant in the caption is not sufficient to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them). A claim is legally frivolous as to a defendant when plaintiff does not set forth any facts indicating he was directly involved in or personally responsible for the violation of plaintiff's constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires causal

link to, and direct responsibility for, alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, plaintiff has failed to state a claim against defendant Barker, and plaintiff's claim against him will be dismissed.

The Court further notes that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). In the instant action, plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, having carefully reviewed the complaint, the Court concludes that plaintiff's claims are further barred by the United States Supreme Court's holding in *Heck. See also Lawson v. Molder*, 62 F.3d 394 (5th Cir.1995) (illegal arrest claims would necessarily call into question validity of conviction, and thus dismissal pursuant to *Heck* was proper).

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

## Motion to Appoint Counsel

Attached to plaintiff's complaint is a note to the Clerk of Court, which appears to request appointment of counsel. (ECF No. 1-4). This request will be denied as moot as this action is being dismissed for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

9

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $77.23 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this _24th_ day of September, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

10